UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4937

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARRIN ANTHONY WRIGHT, a/k/a D, a/k/a New
York,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (CR-03-39-BO)

Argued:  February 3, 2005        Decided:  May 25, 2005

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Terry F. Rose, Smithfield, North Carolina, for Appellant. Christine Witcover Dean, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:** Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Darrin Anthony Wright appeals from the district court's judgment sentencing him to 306 months' imprisonment for various firearms-related offenses. Wright contends that his sentence must be vacated under United States v. Booker, 125 S. Ct. 738 (2005), because the district court, treating the United States Sentencing Guidelines as mandatory, applied certain offense-level enhancements based on judge-found facts. For the reasons that follow, we vacate Wright's sentence and remand for resentencing in accordance with Booker.

I.

Wright pled guilty to one count of conspiracy to make false statements in connection with firearms transactions (Count One); three counts of making a false statement in connection with the acquisition of a firearm (Counts Two, Three, and Four); one count of being a felon in possession of a firearm (Count Twelve); and one count of using or carrying a firearm during and in relation to a drug trafficking crime (Count Sixteen, or the "§ 924(c) count").

Pursuant to the Sentencing Guidelines, the district court grouped Counts One, Two, Three, Four, and Twelve because they involved substantially the same harm. See U.S.S.G. § 3D1.2(d). Because Wright had previously sustained at least two qualifying felony convictions, the base offense level for this group of

2

offenses was 24. The district court then added six levels based on a finding that the offenses involved 25-99 firearms, see U.S.S.G. § 2K2.1(b)(1)(C), and another two levels based on a finding that at least one of the firearms had been stolen or had an altered or obliterated serial number, see id. § 2K2.1(b)(4). Although these enhancements yielded an adjusted offense level of 32, the Guidelines capped Wright's adjusted offense level for these offenses at 29. See id. The district court then added four more levels based on a finding that Wright was a leader or organizer of the criminal activity, see U.S.S.G. § 3B1.1(a), and subtracted three levels for acceptance of responsibility, see id. § 3E1.1(b), resulting in a total offense level of 30.

Based on his prior convictions for cocaine possession and assault, assault with a deadly weapon, kidnaping and robbery, and several traffic crimes, Wright was assigned 12 criminal history points. The district court added two points because the instant offenses were committed less than two years following Wright's release from custody. See U.S.S.G. § 4A1.1(e). With 14 criminal history points, Wright fell in criminal history category VI.

For these grouped counts, the Guidelines range was 168-210 months. In order to produce a sentence within this range, the district court imposed consecutive sentences. For Count One, the district court sentenced Wright to the statutory maximum of 60 months. See 18 U.S.C. § 371. For Counts Two, Three, and Four, the

3

district court sentenced Wright to the statutory maximum of 120 months.  See 18 U.S.C. § 922(a)(6).  For Count Twelve, the district court sentenced Wright to an additional 30 months, yielding a total of 210 months for the grouped counts.

Count Sixteen, the § 924(c) count, was exempted from the grouping rules.  See U.S.S.G. § 3D1.1(b).  The mandatory minimum sentence for a § 924(c) conviction is 60 months' imprisonment.  18 U.S.C. § 924(c).  The Government moved for an upward departure from this mandatory minimum sentence on the ground that criminal history category VI did not adequately reflect the seriousness of Wright's criminal history or the likelihood of recidivism.  See U.S.S.G. § 4A1.3.  Among other things, the Government relied upon the violent nature of a 1990 carjacking offense for which Wright was imprisoned; his record of criminal activity during the time between his parole in 2000 and his arrest for the instant offenses in 2002; the nature of other charged but unconvicted conduct and Wright's lenient treatment in other cases; and the fact that murder charges were pending against Wright at the time of his sentencing.  Wright opposed the motion for upward departure on the grounds that the Government's motion was inconsistent with the plea agreement, and a departure was not warranted in any event because his criminal history score included three points for the 1990 carjacking and he was innocent of the charges brought against him since his parole.

4

The district court ruled that the plea agreement did not foreclose the Government's requesting an upward departure. The Government then requested that the upward departure be structured as follows:

- Start at offense level 17 and category VI (51-63 months), which encompasses the 60-months mandatory minimum sentence required for the § 924(c) count;

- Add four levels for the grouped counts, analogizing to the four-level enhancement for use of a firearm in connection with another felony, see U.S.S.G. § 2K2.1(b)(5);

- Since this four-level adjustment produced a range of 77-96 months, depart upward 36 months from the 60-months mandatory minimum for the § 924(c) count.

The district court accepted the Government's proposal and imposed a sentence of 96 months for the § 924(c) count. This appeal followed.

II.

Wright contends that he is entitled to resentencing because the district court imposed a sentence pursuant to mandatory Sentencing Guidelines that was based, in part, on judge-found facts. The Supreme Court recently held that the Sentencing Guidelines violate the Sixth Amendment insofar as they require sentencing courts to impose sentences based, at least in part, on findings of fact not made by a jury. United States v. Booker, 125 S. Ct. 738, 756 (2005). Rather than invalidate the Sentencing Guidelines in toto, the Court severed and excised the provision

5

requiring sentencing courts to impose sentences within the guidelines range, as well as the provision prescribing de novo review of challenges involving departures from the guidelines sentence.  Id. at 764.  As a result, application of the Sentencing Guidelines is no longer mandatory, id. at 757, and courts of appeals will review criminal sentences only for reasonableness, id. at 767.

Since Wright did not raise this objection in the district court, our review is for plain error.  See United States v. Olano, 507 U.S. 725, 731-32 (1993); Fed. R. Crim. P. 52(b).  Under this standard of review, "[t]here must be an error that was plain and that affects substantial rights."  Olano, 507 U.S. at 732 (internal quotations omitted).  For purposes of plain-error review, an "error" is a "[d]eviation from a legal rule . . . unless the rule has been waived," id. at 732-33, and such an error is "plain" if it is "clear" or "obvious" to the reviewing court, id. at 734.[1]  Even

---

[1]To say that an error is "clear or obvious" is not to say, however, that the district court must have ignored the applicable law.  For instance, where the applicable law changes after the district court rules, a court of appeals will say that there was an "error" that was "plain" even though the district court faithfully applied the law in effect at the time of its ruling.  See Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").  In such a case, a finding of "plain error" is no comment on the correctness of the district court's ruling at the time it was made.  See United States v. Hughes, 401 F.3d 540, 545, n.4 (4th Cir. 2005) (stating that "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of sentencing").

where the court of appeals finds an error that was plain, "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (internal quotations omitted).

The district court applied Guidelines enhancements to Wright's base offense level for the grouped counts based on findings that (1) the offenses involved 25-99 firearms, (2) at least one of those firearms was stolen or had an altered or obliterated serial number, and (3) Wright was a leader or organizer of the criminal activity.

This case is similar to United States v. Hughes, 401 F.3d 540, (4th Cir. 2005), where we vacated a criminal sentence and remanded for resentencing in accordance with Booker. As in Hughes, the district court here imposed the sentence mandated by the Guidelines, based in part upon judge-found facts. See id. at 547-48 (concluding that application of sentencing enhancements based on judge-found facts was "error" that was "plain"). As in Hughes, the defendant here was sentenced to a longer term of imprisonment than the Guidelines would have required had the district court not considered that fact. See id. at 548-49 (concluding that imposition of a sentence in excess of the maximum sentence permitted by the jury's verdict affected the defendant's substantial rights). Consistent with Hughes, we conclude that the

7

district court committed an error that was plain and that affects Wright's substantial rights, and we exercise our discretion to notice the error.[2]  See id. at 555-56.  Accordingly, we vacate the judgment and remand this case for resentencing in accordance with Booker.[3]

VACATED AND REMANDED

---

[2]We reject the Government's contention that Booker has no application where a defendant's sentence is increased by an upward departure rather than an offense-level enhancement.  Although departures are discretionary, a sentencing court's exercise of discretion is limited by the Guidelines.  Thus, the Court in Booker characterized the entire Guidelines scheme as mandatory, despite the fact that it allows for limited exercise of discretion.  125 S. Ct. at 750 ("The Guidelines as written . . . are not advisory; they are mandatory and binding on all judges. . . . The availability of a departure in specified circumstances does not avoid the constitutional issue. . . .").  The Court did not distinguish certain applications of the Guidelines from others, and neither do we.

[3]We express no opinion concerning the manner in which the district court calculated Wright's sentence under the Guidelines. Although the Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a), and then impose a sentence.  Id.  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure, as required by 18 U.S.C. § 3553(c)(2).  Id.  The sentence must be "within the statutorily prescribed range and . . . reasonable." Hughes, 401 F.3d at 547.

8